# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**MARQUETTA COFFER,**

and

**CHYRISE ELEONORA,**

and

**SONYA MCQUIETOR-NAYS,**

and

**MARY SMART,**

and

**SARA WENGEFELD,**

and

**LEON WILLIAMS**

and

**JOHN WISECUP,**

    Plaintiffs,

v.

**THE UNITED STATES,**

    Defendant.

24-1272 C

No.: _____

## COMPLAINT AND REQUEST TO PROCEED AS A COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

Marquetta Coffer, Chyrise Eleonora, Sonya Mcquietor-Nays, Mary Smart, Sara Wengefeld, Leon Williams, and John Wisecup, (the "Plaintiffs"), on their own behalf and on the

behalf of all others similarly situated, by and through her undersigned counsel, hereby file this Complaint against Defendant, the United States of America, to redress actions and omissions taken by Defendant in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.,* 29 U.S.C § 216(b). Plaintiffs seeks a declaratory judgment, backpay and other relief pursuant to 29 U.S.C. § 216; 28 U.S.C § 1346(a) (2); 5 U.S.C. § 5542(a); and 28 U.S.C. §§ 1491, 2201, 2202.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 201, *et. seq.*, 29 U.S.C. § 216, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue is proper pursuant to 28 U.S.C. § 1491.

## PARTIES

1. Plaintiffs, and all others similarly situated, have been or are currently considered an "employee" as defined by 29 U.S.C. § 203(e).

2. Plaintiffs, and all others similarly situated, are either current or former employees of the Federal Emergency Management Agency ("FEMA").

3. Plaintiffs, and all others similarly situated have been employed by FEMA as either Reservists and/or as Cadre of On-Call Response/Recovery ("CORE") personnel.

4. Defendant, the United States of America, has acted principally through FEMA, an Agency of the United States Department of Homeland Security. At all relevant times, the agents, officers, and representatives of the United States who took the actions at issue were duly authorized by the United States to take those actions and thus, Defendant is responsible for the actions described in this Complaint.

## FACTS

5. During the relevant damages period, Plaintiffs have been employed by FEMA as an Emergency Management Specialist, Program Delivery Manager, IM-0089 or IC-0089 or have performed the duties of the Emergency Management Specialist, Program Delivery Manager, IM-0089 or IC-0089.

6. For Plaintiffs, and those similarly situated, that did not participate in *Lynne et al. v. United States,* Case No. 20-566-DAT, the relevant damages period in this case is three-years prior to the date of the filing of this action until the present, and continuing.

7. For Plaintiffs, and those similarly situated, that did participate in *Lynne et al. v. United States,* Case No. 20-566-DAT, the relevant damages period in this case is from October 25, 2023 until the present, and continuing.

8. Upon information and belief, the IM and IC designation is intended to differentiate between Reservist and CORE personnel.

9. Plaintiffs' position descriptions ("PD") designate their position as being "exempt" from the Fair Labor Standards Act because the duties meet the "Administrative Exemption."

10. Plaintiffs' duties consist of being the personal point-of-contact for applicants to the FEMA disaster relief program. Their job is described as "customer service."

11. Specifically, Plaintiffs' duties require them to complete the grant application process on behalf of applicants for disaster relief, including but not limited to: interviewing grant applicants, completing applications utilizing pre-printed or computerized forms, gathering, and inputting data and maintaining spreadsheets to include bids, repair invoices, insurance information, etc., and updating grant applicants on the status of their applications.

12. In the course of the performance of their duties, Plaintiffs utilize the Microsoft Office Suite and FEMA's proprietary Grants Manager / Portal software.

13. Plaintiffs are not employees whose primary duties are directly related to the management or general business operations, as distinguished from production functions, of the Agency.

14. Plaintiffs do not perform management functions or activities, such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or financial records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment, or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

15. Plaintiffs do not perform work that is directly related to assisting with the running or servicing of the business. Plaintiffs do not perform work that is directly related to general business operations, such as work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer

network, Internet and database administration; legal and regulatory compliance; and similar activities.

16. Plaintiffs are production employees.

17. Plaintiffs do not exercise discretion and independent judgment over matters of significance in the course of their duties.

18. Plaintiffs follow standard operating procedures and do not have the authority to deviate from those standards.

19. In the event some deviation from the standard procedures is required, Plaintiffs must seek instruction from their supervisors as to how to proceed. They are specifically instructed not to change policy and not to make unilateral decisions without first obtaining direction from management.

20. Plaintiffs are specifically not permitted to address issues regarding grant applicant eligibility nor do they make any decisions or determinations on eligibility.

21. Plaintiffs have been wrongfully designated as exempt from the FLSA during the time that they occupied the Emergency Management Specialist position.

22. Plaintiffs have worked more than 8 hours in a day, 40 hours in a week, or 80 hours in a pay-period.

23. Because they have been designated as FLSA exempt, Plaintiffs have performed work for the Defendant without receiving overtime compensation pursuant to the FLSA.

24. Defendant has admitted that at least one of the positions at issue, the Reservist Emergency Management Specialist – Program Delivery Manager position should be designated as FLSA non-exempt. **Exhibit A.**

25. The duties performed by the Reservist Emergency Management Specialist and the CORE Emergency Management Specialist are the same.

26. The regulations promulgated by OPM require that an agency which exempts an employee from the FLSA do so only after correctly determining that the employee clearly meets the requirements of one or more of the exemptions provided in the regulations. 5 C.F.R. § 551.502.

27. A non-exempt employee is covered by the overtime pay provisions of the FLSA, and is entitled to time-and-one-half overtime pay pursuant to the implementing regulations by OPM; those regulations require that non-exempt employees be compensated with overtime pay for all hours worked in excess of 8 hours in a day, 40 hours in a week, or 80 hours in a pay period, and for suffered or permitted overtime hours. 29 U.S.C. §§ 201 et seq.; 5 C.F.R. Part 551; 5 C.F.R. § 551.501.

28. By failing to designate Plaintiffs properly as FLSA non-exempt, the Defendant has violated the FLSA, OPM regulations and supporting case law.

29. By failing to pay Plaintiffs their proper overtime compensation, the Defendant has violated the overtime provisions of the FLSA.

30. By failing to pay Plaintiffs their proper overtime, the Defendant is liable for liquidated damages under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31. As it did with the named Plaintiffs, Defendant failed to pay overtime compensation pursuant to the FLSA to all improperly designated FLSA exempt Emergency Management Specialists throughout the United States.

32. These employees have suffered the same harm suffered by the named Plaintiffs as a result of the Defendant's actions and omissions, and are entitled to the same relief.

33. The overtime pay owed to the named Plaintiffs and all similarly situated employees can be easily calculated using the Defendant's payroll data and records.

34. The amount of liquidated damages due to the named Plaintiffs and all similarly situated employees can be easily calculated using the Defendant's payroll data and records.

35. Upon information and belief, hundreds or thousands of similarly situated employees, have been improperly designated as FLSA exempt and have not received overtime pay pursuant to the FLSA. A 29 U.S.C. § 216(b) collective action would be the most efficient way to resolve these employees' FLSA claims, which involve identical questions of law and fact.

36. Defendant has the ability to communicate with potential opt-in employees via its personnel records and electronic mail system.

## CAUSES OF ACTION

### COUNT I
### CLAIM FOR IMPROPER DESIGNATION OF FLSA STATUS

37. Plaintiffs hereby re-allege and incorporate each of the preceding paragraphs as if fully set forth herein.

38. Plaintiffs were improperly designated as FLSA exempt during the course of their employment with FEMA.

39. The primary duties of their position did not meet any of the relevant FLSA exemptions and as such, they should have been designated as FLSA non-exempt.

7

40. Defendant violated the FLSA and the applicable regulations by failing to properly designate Plaintiffs as FLSA non-exempt and paying their wages accordingly.

41. Defendant cannot demonstrate good faith and reasonable grounds for believing its improper designation of FLSA status did not violate the FLSA.

## COUNT II
## CLAIM FOR FAILURE TO PAY FLSA DAMAGES

42. Plaintiffs hereby re-allege and incorporate each of the preceding paragraphs as if fully set forth herein.

43. During the course of their employment, Plaintiffs have worked in excess of 8 hours in a day, 40 hours in a week or 80 hours in a pay-period.

44. Plaintiffs performed the aforementioned work in excess of their scheduled tour of duty without receiving FLSA overtimes wages for such work performed.

45. Plaintiffs are entitled to FLSA mandated overtime compensation and liquidated damages for time spent committed to Defendant in the discharge of their job duties.

46. Defendant has not paid Plaintiffs their overtime wages as mandated by the FLSA.

47. Defendant cannot demonstrate good faith and reasonable grounds for believing its failure to pay overtime wages did not violate the FLSA.

48. Defendant cannot avoid liability for liquidated damages because it cannot show its failure was due to an event wholly beyond its control.

49. Defendant's actions were willful.

50. Plaintiffs, and all others similarly situated, have suffered pecuniary losses and are entitled to full recovery pursuant to the FLSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs, and all those similarly situated, and that this Court:

a) Certify this FLSA collective action pursuant to 29 U.S.C. § 216(b).

b) Order Defendant to issue notice to all FLSA exempt Emergency Management Specialist, Program Delivery Managers throughout the United States who currently do or who have worked for Defendant in the last three years (or since October 25, 2023 for those individuals who were Plaintiffs in *Lynne et al. v. United States*) and did not receive FLSA overtime pay, informing such persons of their rights to participate in this action;

c) Declare that the Defendant has been and continues to be in violation of said provisions by failing to pay such compensation as required by the FLSA;

d) Order that Plaintiffs, including opt-ins, shall receive overtime compensation pursuant to the FLSA for all hours worked without proper compensation;

e) Order Defendant to pay to the named and opt-in Plaintiffs liquidated damages in an amount equal to the amounts which were not timely paid pursuant to the FLSA;

f) Award to all named and opt-in Plaintiffs such other compensation and benefits to which they may be entitled as a result of the unlawful practices and policies of Defendant;

g) Enjoin Defendant from failing to pay overtime compensation pursuant to the FLSA to all named and opt-in Plaintiffs;

h) Award all named and opt-in Plaintiffs their costs of suit;

i) Award all named and opt-in Plaintiffs reasonable attorney's fees and expenses; and

j) Grant such other and further relief as this Court deems to be appropriate and just.

Respectfully submitted,

**/s/ JACOB Y. STATMAN**
Jacob Y. Statman, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jstatman@sniderlaw.com

Counsel of Record for Plaintiffs

**CERTIFICATE OF SERVCE**

I hereby certify that on this 19th day of August, 2024, a copy of the foregoing Complaint and Request to Proceed as a Collective Action Pursuant to 29 U.S.C. §216(b) and Civil Cover Sheet were filed with the Clerk of Court via the CM/ECF filings system. Pursuant to the Rules of the United States Court of Federal Claims, the Clerk of Court will serve the Defendant, United States.

I further certify that a copy of this Complaint was served onto Vijaya Surampudi, Esq., Counsel of Record for Defendant in the related case of *Lynne, et al., v. United States;* Case No. 20-566-DAT.

   /s/ **JACOB Y. STATMAN**
Jacob Y. Statman, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jstatman@sniderlaw.com

Counsel of Record for Plaintiffs

# EXHIBIT A

**FEMA**

U.S. Department of Homeland Security
Washington, DC  20472

April 24, 2023

FROM:             Majid Salahuddin   *MAJID V SALAHUDDIN* <small>Digitally signed by MAJID V SALAHUDDIN
Date: 2023.04.24 08:31:10 -04'00'</small>
                  Division Director, Policy, Planning & Accountability
                  Office of Chief Human Capital Officer

SUBJECT:          Classification of Reservist Program Delivery Manager Position
                  Description Under the Fair Labor Standards Act

The Office of Chief Human Capital Officer (OCHCO) evaluated the Reservist Emergency Management Specialist - Program Delivery Manager position description (position description number RES155) under the exemptions of the Fair Labor Standards Act (FLSA). OCHCO determined that, as of the date of this memorandum, the position should be classified as FLSA non-exempt.

OCHCO is in the process of listing the position as FLSA non-exempt. This exemption status will be reflected in FEMA's pay systems within the next several pay periods.

Attachments:

Position Description – RES155 (PDMG) EMS (Rec), Program Delivery Manager

1